(No. 74-CV-24—)

DORIS SPENCER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

DORIS SPENCER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 26, 1974, at Armitage and Orchard Streets in Chicago. Doris Spencer, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Doris L. Spencer, age 24, was a victim of a violent crime as defined in sec. 2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, ch. 38, sec. 12-4*).

2. That at approximately 10:00 P.M., on February 26, 1974, the claimant was waiting for a bus at the corner

of Armitage and Orchard Avenue. That she was ap-
proached by an unidentified person, brandishing a gun,
who told her to "be quiet and don't move." That she was
shot three times. A further and more detailed summary
of the facts and information considered by the Court is
contained in the Investigatory Report prepared by the
Attorney General. A copy of said report is retained in the
court's file in this matter, and the facts as reported
therein are incorporated in this opinion by reference.

3. That a passing motorist, one Robert L. Fried-
lander, hearing the shots fired and seeing the claimant
fall, stopped his car and hailed a passing police car.

4. That the claimant was taken to Augustana Hos-
pital where she was hospitalized from February 26, 1974,
to March 7, 1974.

5. That statements, taken by the police investiga-
tors shortly after the crime was committed, present no
evidence of any provocation by the claimant for the
attack upon her.

6. That the criminal offense was promptly reported
to law enforcement officials, and claimant has fully co-
operated with their requests for assistance by viewing
suspect photos. That claimant was unable to make an
identification of her assailant and that no arrests have
been made in connection with this criminal offense.

7. That the claimant and her assailant were not
related nor sharing the same household.

8. That claimant seeks compensation under the Act
for medical expenses and lost wages.

9. That claimant was unable to work from Febru-
ary 26, 1974, to March 22, 1974. That claimant's average
net earnings for the six month period immediately pre-

ceding the injury was $458.09. That claimant received sick pay of $130.81. That claimant's actual net earning loss was $327.28.

10. That, in addition to lost earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $2,128.76 |
| 2) | Medical | 75.00 |
| 3) | Loss of Earnings | 327.28 |

$2,531.04

11. That in determining the amount of compensation to which an applicant is entitled, sec. 7(d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

12. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from her loss, as contemplated by sec. 7(d) of the Act, were shown to be $2,104.00. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss shown in sec. 10, leaves an amount of $227.04.

IT IS HEREBY ORDERED, that the sum of $227.04 (TWO HUNDRED TWENTY-SEVEN DOLLARS AND FOUR CENTS) be awarded Doris L. Spencer, as an innocent victim of a violent crime.